UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLEY FISH,

    Plaintiff,                               Hon. Paul L. Maloney

v.                                                 Case No. 1:18-cv-1257

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Income Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

**STANDARD OF REVIEW**

        The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Secretary of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Specifically, the Court is limited to

assessing whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). When assessing the substantiality of the evidence, the Court must consider the evidence as a whole and take into account whatever in the record fairly detracts therefrom. *See Richardson v. Secretary of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the Commissioner considerable latitude and mandates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. See *Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 61 years of age on her alleged disability onset date. (PageID.504).

She successfully completed high school and worked previously as a Certified Nursing Assistant (CNA). (PageID.67). Plaintiff applied for benefits on May 4, 2016, alleging that she had been disabled since February 7, 2016, due to osteoarthritis, "borderline asthma," hypertension, high cholesterol, leaking heart valve, irritable bowel syndrome, osteoporosis, non-alcoholic fatty liver disease, chronic pain syndrome, and removal of a fatty lipoma from her shoulder. (PageID.504-14, 533).

Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.385-502). On February 28, 2018, Plaintiff appeared before ALJ Amy Rosenberg with testimony being offered by Plaintiff and a vocational expert. (PageID.360-83). In a written decision dated July 5, 2018, the ALJ determined that Plaintiff was not disabled. (PageID.57-69). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.40-45). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) osteoarthritis; (2) asthma; (3) chronic obstructive pulmonary disease (COPD); and (4) mitral valve regurgitation, severe impairments that whether considered alone or in combination with other impairments, failed to

---

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.   (PageID.60-63).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform medium work[2] subject to the following limitations: (1) she can occasionally climb, balance, stoop, kneel, crouch, and crawl; (2) she can frequently reach and handle; (3) she cannot have concentrated exposure to pulmonary irritants such as dusts, odors, fumes, gases, or smoke; and (4) she should not work in poorly ventilated spaces.   (PageID.44). A vocational expert testified that if Plaintiff were limited to this extent she could still perform her past relevant work as a CNA.   (PageID.380-81).   Accordingly, the ALJ found Plaintiff not disabled at step four of the sequential process.   (PageID.67).   In the alternative, the ALJ found at step five of the sequential process, based on the testimony of a vocational expert, that there existed more than 200,000 jobs in the national economy which Plaintiff could perform despite her limitations.   (PageID.67-68, 380-81).   This represents a significant number of jobs.   *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").   Accordingly, the ALJ denied Plaintiff's claim for disability benefits.

### I.     The ALJ's Assessment of Plaintiff's Subjective Complaints

During the administrative hearing, Plaintiff testified that her ability to perform work activities was more limited than the ALJ ultimately concluded.   The ALJ, however, discounted Plaintiff's subjective allegations.   Plaintiff argues that she is entitled to relief because the ALJ's

---

[2] **Error! Main Document Only.** Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.   20 C.F.R. § 404.1567(c).

-5-

rationale for discounting her statements is not supported by substantial evidence. The Court agrees.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard.

First, it must be determined whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. *See* Titles II and XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 at *3-4 (S.S.A., Mar. 16, 2016). Next, the intensity and persistence of the claimant's symptoms are evaluated to determine the extent to which such limit his ability to perform work-related activities. *Id.* at *4-9.[3] This standard is often referred to as the *Duncan*

---

[3] Social Security Ruling 16-3p rescinded Social Security Ruling 96-7p. *Id.* at *1. However, the adoption of this new Social Security Ruling did not alter the analysis for evaluating a claimant's subjective statements. Instead, as the Social Security Administration stated, it was simply "eliminating the use of the term 'credibility' [so as to] clarify that that subjective symptom evaluation is not an examination of an individual's character." *Ibid.* As courts recognize, aside from this linguistic clarification, "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Young v. Berryhill*, 2018 WL 1914732 at *6 (W.D. Ky., Apr. 23, 2018).

standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

As the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Ibid.* However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). As the Sixth Circuit has stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

Nevertheless, the ALJ is not permitted to assess a claimant's subjective allegations based upon "an intangible or intuitive notion about an individual's credibility." *Rogers v.*

*Commissioner of Social Security*, 486 F.3d 234, 247 (6th Cir. 2007). Instead, the ALJ's rationale for discrediting a claimant's testimony "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248. Accordingly, "blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Id.*

The ALJ described Plaintiff's administrative hearing testimony in this regard as follows:

> The claimant stated that she could not perform work related activities because of her impairments. She is 5'6" tall and weighs 166 pounds. She is right-handed. She is a widow and living alone. She is a high school graduate with one semester of college without a degree. She took classes and state tests as a nurse aide, working at several hospitals, senior centers, and nursing homes. The claimant stated that she has not worked since February 2016. She said that she has arthritis pain in her joints, including her hips and wrists with a history of two right wrist fracture and remedial surgery. She experiences numbness in her bilateral hands. She has chronic obstructive pulmonary disease (COPD) and asthma, and she uses a rescue inhaler daily. She has trouble walking up the basement steps because of shortness of breath; she has to stop and rest. She has trouble standing, walking, bending, and stooping. She stated that she has trouble sleeping. She would stop to take rest breaks because of shortness of breath and pain, when performing activities of daily living, such as personal care and grooming and household chores, taking extra time to complete tasks. The claimant stated that she has mitral valve regurgitation with symptoms of fatigue and weakness. She would lie down two to three times from half an hour to two hours during the day.

(PageID.64).

In support of her decision to discount Plaintiff's testimony and subjective allegations, the ALJ stated that such "are not entirely consistent with the medical evidence and

-8-

other evidence in the record for the reasons explained in this decision." (PageID.64).  The Court, however, is left to guess as to what the ALJ's "reasons" might be because the ALJ's logic or reasoning in this regard is not readily discernable from her opinion.  While the ALJ discussed Plaintiff's subjective allegations, such does not provide any insight into why Plaintiff's statements were discounted.  Moreover, Plaintiff's subjective allegations, in light of her impairments, are not so absurd or fantastical as to be incredible on their face.  The ALJ's discussion of the evidence likewise provides no insight into her decision to discredit Plaintiff's credibility.

This is not to suggest that the record fails to contain evidence which might support a decision to discount Plaintiff's testimony and other statements.  As is the case in most Social Security appeals, there is evidence supporting a finding that Plaintiff is credible as well as evidence supporting the opposite conclusion.  However, this Court's role is not to search the record for such evidence and articulate a rationale for one outcome or the other.   Instead, the Court is limited to reviewing the ALJ's rationale and determining if such is supported by substantial evidence.   In this case, however, the Court cannot perform this task because the Court simply cannot discern the ALJ's rationale for discounting Plaintiff's credibility.   Accordingly, the Court finds that the ALJ's decision to discount Plaintiff's testimony and other statements is not supported by substantial evidence.

**II.    The ALJ's RFC Determination**

Plaintiff next argues that she is entitled to relief because the ALJ's RFC assessment is not supported by substantial evidence.   The Court agrees.

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations."  *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir.,

Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").

As the ALJ noted, Plaintiff suffers from osteoarthritis, asthma, COPD, and heart valve regurgitation. The ALJ nevertheless concluded that Plaintiff, 61 years of age on her alleged disability date and 64 years of age on the date of the ALJ's decision, can regularly and continually perform work in which she is required to lift and/or carry items weighing up to 50 pounds and frequently lift and/or carry items weighing up to 25 pounds. While the ALJ engaged in very little discussion of the medical evidence, even the ALJ's discussion thereof fails to support her conclusion that Plaintiff can perform medium level work. The ALJ's RFC assessment is further undermined by her failure to support with substantial evidence her decision to discount Plaintiff's subjective allegations.

In sum, the ALJ's RFC assessment is not supported by substantial evidence. Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

### III.     Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of*

*Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013).   This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking."   *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.   Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance.   Moreover, there does not exist compelling evidence that Plaintiff is disabled.   Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g)**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Dated: October 3, 2019

　　　　　/s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge