UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLEY FISH,                                    )
                          Plaintiff,             )
                                                 )          No. 1:18-cv-1257
-v-                                              )
                                                 )          Honorable Paul L. Maloney
COMMISSIONER OF SOCIAL SECURITY,                 )
                          Defendant.             )
                                                 )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Shelley Fish filed this lawsuit seeking a review of the final decision of the Commissioner of Social Security Administration denying her claim for disability benefits. After the parties filed briefs, the magistrate judge issued a report recommending the Court vacate the decision and remand the matter for further factual findings as permitted by sentence four of 42 U.S.C. § 405(g).  Defendant filed objections.  (ECF No. 15.)  Plaintiff filed a response.  (ECF No. 16.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The magistrate judge identified two matters which require remand for additional factual findings.

## A. Assessment of Plaintiff's Subjective Complaints

The Administrative Law Judge (ALJ) identified Plaintiff's severe impairments that were supported by the medical records. In her assessment of Plaintiff's Residual Functional Capacity (RFC), the ALJ followed the two-step process of first identifying whether claimant had a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. In the second step, the ALJ considered whether the symptoms limited the claimant's ability to perform past work activities. Here, the ALJ concluded that Plaintiff's subjective complaints, her allegations about the severity of her symptoms, were not consistent with the objective medical evidence.

The magistrate judge concludes the ALJ did not sufficiently support her conclusion that Plaintiff's subjective descriptions of the severity of her symptoms were not consistent with the medical evidence. The magistrate judge notes that the record contained "evidence supporting a finding that Plaintiff is credible as well as evidence supporting the opposite conclusion." (R&R at 9 PageID.1186.) The magistrate judge recommends remand to provide the ALJ an opportunity to more fully support her credibility determination.

Defendant objects by identifying evidence in the record to support the ALJ's conclusion that Plaintiff's physical condition was not as limiting as Plaintiff testified. The objection is OVERRULED. The objection does not address the magistrate judge's concern, that the record contains evidence that supports Plaintiff's allegations and the ALJ's decision does not sufficiently account for that evidence.

## B. RFC Determination

The ALJ concluded that Plaintiff could perform medium work, with some limitations. The magistrate judge concludes that the ALJ failed to sufficiently support this conclusion.

Defendant objects, asserting that the magistrate judge improperly shifted the burden to the ALJ to prove her RFC assessment. The objection is OVERRULED. The magistrate judge applied the proper "substantial evidence" standard. The standard requires an ALJ to support findings of fact with substantial evidence and also to account for evidence in the record that fairly detracts from the finding of fact. This portion of the R&R must be read in context with the above discussion of the Plaintiff's subjective complaints. The magistrate judge concludes only that the ALJ did not support her conclusion with substantial evidence. The magistrate judge noted that the "ALJ's RFC assessment is further undermined by her failure to support with substantial evidence her decision to discount Plaintiff's subjective allegations." (R&R at 10 PageID.1187.)

For these reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 14) as the Opinion of this Court. The Commissioner's decision is **VACATED** and this matter is **REMANDED** for further administrative action under sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date:  March 3, 2020                                             /s/ Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                United States District Judge