UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SHELLEY A. FISH,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Paul L. Maloney

Case No. 1:18-cv-1257

**REPORT AND RECOMMENDATION**

    Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security denying Plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On October 3, 2019, Magistrate Judge Carmody issued a Report and Recommendation recommending that the Commissioner's decision be vacated and remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 14.) On March 3, 2020, Judge Maloney entered an Order Adopting Report and Recommendation over Defendant's objections and issued a Judgment remanding the matter to the Commissioner for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 18 and 19.)

    This matter is now before the Court on Plaintiff's motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (ECF No. 20), in the amount of $8,250.00. Defendant opposes the motion (ECF No. 22), and Plaintiff has replied (ECF No. 25). For the reasons set forth herein, I recommend that Plaintiff's motion be **denied**.

    The EAJA provides, in relevant part, that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought

by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). The decision to grant or deny attorney's fees under the EAJA is committed to the district court's discretion. *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014). Eligibility for a fee award under the EAJA requires that: "(1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and (3) no special circumstances made an award unjust." *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006) (citing *I.N.S. v. Jean*, 496 U.S. 154, 158 (1990)).

Plaintiff meets the first requirement because she is a prevailing party under the Court's judgment. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff also meets the third requirement because there is no indication that special circumstances exist in this case that would make a fee award unjust. In addition, Plaintiff is a financially eligible person under the EAJA. *See* 28 U.S.C. § 2412(d)(2)(B). However, Defendant contends that the second requirement is not met because its position was "substantially justified."

The government bears the burden of proving that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). The government "discharges that burden by demonstrating that the position had a 'reasonable basis both in law and fact.'" *DeLong*, 748 F.3d at 726 (citation omitted). A position is substantially justified if it is "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial justification means "more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.* at 566. "[A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified

if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *United States v. $515,060.42 in United States Currency*, 152 F.3d 491, 507 (6th Cir. 1998). Defendant has met his burden.

The Sixth Circuit has summarized the application of the substantial justification standard in the context of Social Security appeals as follow:

> Remand "alone," which occurs when the ALJ's decision was not "supported by substantial evidence," does not necessarily require an award of fees because the remand standard is not the equivalent of a finding that the government's position was not substantially justified. *Couch v. Sec'y of HHS*, 749 F.2d 359, 360 (6th Cir.1984). "[T]he [g]overnment could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose," but objective indicia such as a string of losses can be indicative. *Pierce*, 487 U.S. at 569, 108 S. Ct. 2541. The government's position in defending the ALJ's analysis might be substantially justified despite remand, for example, where remand was based solely on the ALJ's "failure to explain his findings adequately" and not on "the weight he found appropriate for various medical opinions." *DeLong*, 748 F.3d at 727. Or the government's position in defending the reduced weight given to a treating physician's opinion could be substantially justified where, although the case was remanded, the reduced-weight could be justified by significant evidence in the record such as a short treating relationship and evidence that the claimant was enrolled in college full-time. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855–56 (6th Cir.1997). On the other hand, where the government defends an ALJ decision that was reached by selectively considering the evidence, its position is not substantially justified. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir.2004).

*Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014).

In this case, Judge Carmody found that remand was appropriate on two grounds. First, she concluded that the ALJ failed to properly explain her reasons for discounting Plaintiff's subjective allegations. (ECF No. 14 at 1186.) After recounting Plaintiff's testimony at the hearing, the ALJ stated that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (PageID.64.) Magistrate Judge Carmody found this statement insufficient to explain why the ALJ deemed Plaintiff's statements not fully credible

3

"because the ALJ's logic or reasoning in this regard [wa]s not readily discernable from her opinion." (ECF No. 14 at PageID.1186.) Even so, Magistrate Judge Carmody noted that the record was not devoid of evidence supporting the ALJ's decision to discount Plaintiff's statements. (*Id.*) In fact, the ALJ set forth much of that evidence in her discussion of the medical evidence in her decision. (PageID.64–66.) The ALJ's error in this instance, as described in other similar cases, is one of articulation—or failure to provide a sufficient explanation allowing the court to trace the path of the ALJ's reasoning—rather than one of substance. *See Harrington v. Comm'r of Soc. Sec.*, No. 1:16-cv-898, 2018 WL 4344982, at *1 (W.D. Mich. Sept. 11, 2018) ("Although the Court found that the ALJ made factual errors in articulating her rationale regarding the assessment of Plaintiff' subjective allegations . . . , the ALJ's error was one of articulation."); *Samona v. Comm'r of Soc. Sec.*, No. 2:15-cv-1713, 2017 WL 9324738, at *3–4 (E.D. Mich. Sept. 19, 2017) (noting that the ALJ's failure to articulate his reasoning for his credibility analysis did not denote a lack of substantial justification for the denial of benefits); *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756758 (N.D. Ohio 2008) (the ALJ's failure to explain the reasons for finding the claimant's testimony about her symptoms not credible "was a mere 'articulation error' and does not justify recovery of attorney's fees under the EAJA and Sixth Circuit precedent"). The instant case is similar to *Bates v. Commissioner of Social Security*, No. 1:15-cv-739, 2017 WL 3648203 (W.D. Mich. Aug. 3, 2017), *report and recommendation adopted*, 2017 WL 3593881 (Aug. 21, 2017), in which the court explained that an award of fees was not appropriate because the ALJ's decision was reversed and remanded based on the ALJ's failure sufficiently to explain the credibility findings, not that the credibility determination was not supported by the record. *Id.* at *2.

As to the second ground, Magistrate Judge Carmody found that the ALJ's RFC determination was not supported by substantial evidence. In large part, this error was derivative of

4

the ALJ's failure to explain her basis or reasoning for her credibility assessment. (ECF No. 14 at PageID.1187; *see also* ECF No. 18 at PageID.1206 (noting that the portion of the Report and Recommendation pertaining to the RFC analysis "must be read in context with the above discussion of the Plaintiff's subjective complaints").) Judge Carmody also concluded that the ALJ's discussion of the medical evidence was insufficient to support her conclusion that Plaintiff can perform medium level work. (ECF No. 14 at PageID.871187.) Here, as with the ALJ's credibility findings, the concern was the ALJ's failure adequately to explain the basis for her RFC determination. As the Sixth Circuit has explained, "an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification." *DeLong*, 748 F.3d at 727. Here, the remand was not due to a lack of evidence supporting the ALJ's RFC determination, but because the ALJ failed to adequately draw a connection between the medical evidence and her RFC determination.[1] *See Bischoff v. Comm'r of Soc. Sec.*, No. 1:16-cv-404, ECF No. 22 at PageID. 271 (W.D. Mich. Feb. 12, 2018) (denying EAJA fees because the ALJ's decision and the Commissioner's defense thereof were substantially justified notwithstanding remand due to the ALJ's failure to incorporate a provider's opinions into the RFC).

The evidence in this case did not strongly establish proof of disability or Plaintiff's entitlement to DIB or SSI benefits, and the matter was remanded solely because the ALJ failed

---

[1] Judge Carmody also indicated that the ALJ's RFC finding of medium level work was at odds with Plaintiff having been 61 years of age on her alleged onset date and 64 years of age at the time of the ALJ's decision. (ECF No. 14 at PageID.1187.) As Defendant points out, Social Security Ruling 96-8, 1996 WL 374184, at *2, precluded the ALJ from considering Plaintiff's age in assessing her RFC. *See Wilk v. Comm'r of Soc. Sec.*, No. 2:16-cv-14308, 2018 WL 1075072, at *5 (E.D. Mich. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1071761 (E.D. Mich. Feb. 27, 2018) (noting that SSR 96-8 precluded the ALJ from considering the plaintiff age, height and weight when assessing her RFC). Thus, the ALJ's failure to consider Plaintiff's age does not undermine her RFC finding.

sufficiently to explain her credibility findings and RFC determination. Thus, Defendant's decisions to deny Plaintiff's claim for benefits and to defend that denial in this Court had a reasonable basis in law and fact, even though remand was appropriate on procedural grounds. *See Anderson v. Comm'r of Soc. Sec.*, No. 98-6284, 1999 WL 1045072, at *5–6 (6th Cir. Nov. 12, 1999).

For the foregoing reasons, I recommend that Plaintiff's motion for EAJA fees (ECF No. 20) be **denied**.

### NOTICE TO PARTIES

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: October 26, 2020                                      /s/ Sally J. Berens
                                                              SALLY J. BERENS
                                                              U.S. Magistrate Judge